UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CORNELIUS A. GAINES, III,<br><br>      Petitioner,<br>  v.<br><br>D.W. NEVEN, *et al.*,<br><br>      Respondents. | Case No. 3:17-cv-00140-MMD-WGC<br><br>ORDER |

This habeas matter comes before the Court on petitioner's application (ECF No. 5) to proceed *in forma pauperis* and for initial review under Rule 4 of the Rules Governing Section 2254 Cases. Petitioner has paid the filing fee, and the Court therefore will deny the pauper application as moot and proceed to initial review.[1]

**I. BACKGROUND**

Petitioner Cornelius Gaines challenges his Nevada state judgment of conviction, pursuant to a jury verdict, of a multitude of offenses, including sexual assault with the use of a deadly weapon, arising from the commission of three separate incidents of sexual assault and robbery. *See Gaines v. State*, 2014 WL 2466316, No. 59892 (Nev., May 30, 2014).[2]

---

[1]The Court will consider the financial materials furnished with the pauper application in connection with petitioner's pending motion (ECF No. 6) for appointment of counsel, which is discussed further in note 4, *infra*.

[2]In addition to the materials available via online legal research, the Court takes judicial notice of the online docket records of the state district court and state supreme court. *E.g., Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012). The online docket records of the state courts may be accessed from:
https://www.clarkcountycourts.us/Anonymous/default.aspx
https://nvcourts.gov/Supreme/

The original judgment of conviction was entered on November 18, 2011, in No. 07C233567 in the state district court.

The Supreme Court of Nevada affirmed the conviction on direct appeal on May 30, 2014, in No. 59892 in that court. The time period for filing a petition for a writ of *certiorari* in the United States Supreme Court expired on August 28, 2014.

On June 30, 2015, petitioner filed a state post-conviction petition in the state district court. The district court held that the petition was untimely in a bench ruling on October 22, 2015, and thereafter via November 30, 2015, written findings, conclusions, and order. Petitioner appealed the untimeliness dismissal on November 30, 2015, prior to the December 2, 2015, notice of entry of the findings, conclusions, and order.

On appeal, the Supreme Court of Nevada affirmed on the basis that the petition was untimely. The order of affirmance was issued in No. 69321 in that court on January 19, 2017; and the remittitur issued on February 14, 2017.

No other timely petitions, motions, or other proceedings seeking collateral review of the conviction (as distinguished from motions seeking other procedural relief) were pending in the state courts prior to the constructive filing date of the federal petition.

No amended or corrected judgments of conviction have been filed in the state district court at any time prior to the filing of the federal petition.

While the federal petition is dated January 29, 2017, copies of mailing indicia attached with a cover letter dated March 2, 2017, reflected that: (a) the petition initially was mailed on February 18, 2017, addressed incorrectly to "Mr. Bruce R. Thompson;" and (b) the petition was remailed on or about March 2, 2017. The petition was received and filed by the Clerk of Court on March 6, 2017.

**II.  DISCUSSION**

The federal one-year limitation period, unless otherwise tolled or subject to delayed accrual, begins running after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such direct review." 28 U.S.C. § 2244(d)(1)(A)

In the present case, absent a basis for tolling or delayed accrual, the federal limitation period began running after the August 28, 2014, expiration of the time to file a *certiorari* petition. The federal limitation period therefore would expire one year later on August 28, 2015, absent such tolling or delayed accrual. Petitioner's untimely state petition did not statutorily toll the federal limitation period under 28 U.S.C. § 2244(d)(2). *Pace v. DiGuglielmo*, 544 U.S. 408 (2005).

Accordingly, absent delayed accrual or another basis for tolling, the federal limitation period putatively expired on August 28, 2015. The federal petition was not mailed for filing until more than seventeen months later. Petitioner therefore must show cause why the petition should not be dismissed with prejudice as time-barred under § 2244(d).

In this regard, petitioner is informed that the one-year limitation period may be equitably tolled. Equitable tolling is appropriate only if the petitioner can show that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999), and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir.2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.2000)). The petitioner ultimately has the burden of proof on this "extraordinary exclusion." 292 F.3d at 1065. He accordingly must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. *E.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). *Accord Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007).

Petitioner further is informed that, under certain circumstances, the one-year limitation period may begin running on a later date or may be statutorily tolled. *See* 28

///

///

U.S.C. § 2244(d)(1)(B), (C), (D) & (d)(2).[3]

Petitioner further is informed that, if petitioner seeks to avoid application of the one-year limitation period based upon a claim of actual innocence, he must come forward with new reliable evidence tending to establish actual factual innocence, *i.e.*, tending to establish that no juror acting reasonably would have found him guilty beyond a reasonable doubt. *See McQuiggin v. Perkins*, 569 U.S. 383 (2013); *House v. Bell*, 547 U.S. 518 (2006); *Lee v. Lampert*, 653 F.3d 929 (9th Cir. 2011)(*en banc*).

## III. CONCLUSION

It therefore is ordered that petitioner's application (ECF No. 5) to proceed *in forma pauperis* is denied as moot following upon his payment of the filing fee (ECF No. 1).[4]

---

[3]Subparagraph (d) of § 2244 provides in full:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

[4]The Court defers consideration of any and all remaining deficiencies in the papers presented until after it has determined whether the action is timely in the first instance. Petitioner's motions (ECF Nos. 6 & 7) for appointment of counsel and for an evidentiary hearing will remain under submission pending the Court's consideration of the timeliness issue. Petitioner therefore must respond to this show-cause order in proper person, without the assistance of counsel. Taking into account the issues presented and the petitioner's ability to present his position *pro se* with the resources
*(fn. cont...)*

It further is ordered that, within thirty (30) days of entry of this order, petitioner must show cause in writing why the petition should not be dismissed with prejudice as time-barred. If petitioner does not timely respond to this order, the petition will be dismissed with prejudice without further advance notice. If petitioner responds but fails to show with specific, detailed and competent evidence why the petition should not be dismissed as untimely, the action will be dismissed with prejudice.

It further is ordered that all assertions of fact made by petitioner in response to this show-cause order must be detailed, must be specific as to time and place, and must be supported by competent evidence. The Court will not consider any assertions of fact that are not specific as to time and place, that are not made pursuant to a declaration under penalty of perjury based upon personal knowledge, and/or that are not supported by competent evidence filed by petitioner in the federal record. Petitioner must attach copies of all materials upon which he bases his argument that the petition should not be dismissed as untimely. Unsupported assertions of fact will be disregarded.

DATED THIS 25th day of October 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

*(…fn. cont.)*
available to him, the Court does not find that the interests of justice require the appointment of counsel during the current review of the timeliness issue.