UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CORNELIUS A. GAINES, III, | Case No. 3:17-cv-00140-MMD-WGC |
| Petitioner, | ORDER |
| v. | |
| D.W. NEVEN, *et al.*, | |
| Respondents. | |

This habeas matter comes before the Court on a pending show-cause inquiry as to whether the petition is subject to dismissal as time-barred under 28 U.S.C. § 2244(d), together with petitioner's motion for appointment of counsel (ECF No. 6) and motion for an evidentiary hearing (ECF No. 7). This order follows upon the Court's earlier show-cause order (ECF No. 10) and petitioner's response thereto (ECF Nos. 11 and 12).

I. **BACKGROUND**

Petitioner Cornelius Gaines challenges his Nevada state judgment of conviction, pursuant to a jury verdict, of a multitude of offenses, including sexual assault with the use of a deadly weapon, arising from the commission of three separate incidents of sexual assault and robbery. *See Gaines v. State*, 2014 WL 2466316, No. 59892 (Nev., May 30, 2014).[1]

---

[1] In addition to the materials available via online legal research, the Court has taken judicial notice of the online docket records of the state district court and state supreme court. *E.g., Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012). The online docket records of the state courts may be accessed from:
https://www.clarkcountycourts.us/Anonymous/default.aspx
https://nvcourts.gov/Supreme/

1    The original judgment of conviction was entered on November 18, 2011, in No. 07C233567 in the state district court.

The Supreme Court of Nevada affirmed the conviction on direct appeal on May 30, 2014, in No. 59892 in that court. The time period for filing a petition for a writ of *certiorari* in the United States Supreme Court expired on August 28, 2014.

On June 30, 2015, petitioner filed a state post-conviction petition in the state district court. The district court held that the petition was untimely in a bench ruling on October 22, 2015, and thereafter via November 30, 2015, written findings, conclusions, and order. Petitioner appealed the untimeliness dismissal on November 30, 2015, prior to the December 2, 2015, notice of entry of the findings, conclusions, and order.

On appeal, the state appellate courts affirmed on the basis that the petition was untimely. The order of affirmance was issued in No. 69321 in that court on January 19, 2017; and the remittitur issued on February 14, 2017.

No other timely petitions, motions, or other proceedings seeking collateral review of the conviction (as distinguished from motions seeking other procedural relief) were pending in the state courts prior to the constructive filing date of the federal petition.

No amended or corrected judgments of conviction have been filed in the state district court at any time before the filing of the federal petition.

While the federal petition is dated January 29, 2017, copies of mailing indicia attached with a cover letter dated March 2, 2017, reflects that: (a) the petition initially was mailed on February 18, 2017, addressed incorrectly to "Mr. Bruce R. Thompson;" and (b) the petition was re-mailed on or about March 2, 2017. The petition was received and filed by the Clerk of Court on March 6, 2017.

**II.    DISCUSSION**

**A.    Base Calculation of the Limitation Period**

Under 28 U.S.C. § 2244(d)(1)(A), the federal one-year limitation period, unless otherwise tolled or subject to delayed accrual, begins running after "the date on which

///

the judgment became final by the conclusion of direct review or the expiration of the time for seeking such direct review."

In the present case, absent a basis for tolling or delayed accrual, the federal limitation period began running after the August 28, 2014, expiration of the time to file a *certiorari* petition. The federal limitation period therefore would expire one year later on August 28, 2015, absent such tolling or delayed accrual.

Petitioner's untimely state petition did not statutorily toll the federal limitation period under 28 U.S.C. § 2244(d)(2). *Pace v. DiGuglielmo*, 544 U.S. 408 (2005).

Accordingly, absent delayed accrual or another basis for tolling, the federal limitation period putatively expired on August 28, 2015. The federal petition was not mailed for filing until more than seventeen months later and thus is untimely on its face.

**B.     Petitioner's Arguments**

In his show-cause response, petitioner challenges the state courts' determination that the state petition was untimely and the manner in which the state courts reached that determination.  Petitioner maintains in particular that he submitted his state petition for mailing at the prison on June 21, 2015, only three days before the June 24, 2015, expiration of the one-year state limitation period.[2] He asserts that he did so "with the prior knowledge that the U.S.P.S. guarantees all mail within the continental United States will be delivered within 72 hours." (ECF No. 12, at 21 and referenced exhibit at 40-43.) Gaines maintains that when he received the file-stamped copy of the petition about two weeks later, he noted that the petition was stamped "received" on June 29, 2015, and "filed" on June 30, 2015, by the district court clerk, after the state limitations period deadline. He states that he immediately inquired about the delay. Gaines asserts that he was informed that, because he submitted a "brass slip" internal prison disbursement request to pay for the postage, the mailing had been sent to the "state

---

[2]Under NRS § 34.726(1), petitioner had one year from the June 24, 2014, issuance of the remittitur in his direct appeal in No. 59892 in the Supreme Court of Nevada to file a timely state petition.

3

mail room" in downtown Las Vegas to be processed and have postage affixed before being forwarded to the postal service. He maintains that he never would have utilized the brass slip procedure, as opposed to acquiring the necessary stamps, if he had known that using a brass slip could result in such a delay. He urged in the state courts that the prison's operations and mailing procedures constituted good cause for his failure to file a timely state petition. (ECF No. 12, at 20-22.) He further challenged the state supreme court's holding in *Gonzales v. State*, 53 P.3d 901 (Nev. 2002), that the "prison mailbox rule" did not apply to determine the timeliness of Nevada state post-conviction petitions. (ECF No. 12, at 23-26.) The state courts were not persuaded and ruled against petitioner on both points. *See Gaines v. State*, 2017 WL 448640 (Nev. Ct. App., Jan. 19, 2017).

In his federal response, Gaines urges, *inter alia*, that he should have been granted an evidentiary hearing prior to the state court determination. He further insists that the state district court failed to rule on an allegedly still pending motion for reconsideration, and he requests that this Court instead do so because the "lower courts" refused to do so.

A state court determination that a state petition is untimely under state law "is the end of the matter" with respect to statutory tolling under § 2244(d)(2). *See, e.g., Allen v. Siebert*, 552 U.S. 3, 7 (2007); *Evans v. Chavis*, 546 U.S. 189, 194 (2006); *Pace*, 544 U.S. at 413-14; *Lakey v. Hickman*, 633 F.3d 782, 786 (9th Cir. 2011). At the time that Gaines submitted his state petition for mailing, it had been established law in Nevada for over a dozen years that the filing date rather than the mailing date determined the timeliness of a Nevada state post-conviction petition. The state courts concluded that Gaines did not demonstrate good cause after he encountered processing and other delays when he tendered his state petition for mailing only three days before the hard filing deadline, pursuant to a belief that the post office "guaranteed" mail delivery within three days. That conclusion by the Nevada state courts in applying Nevada state law is

///

4

unassailable in these proceedings, and under controlling precedent that is the end of the matter with regard to statutory tolling under federal law.

A federal district court further does not exercise appellate or supervisory jurisdiction over the state courts, which are not subordinate courts to a federal district court. Congress has granted the district courts jurisdiction under 28 U.S.C. § 2254 to collaterally review only state court judgments of conviction. The district courts do not possess jurisdiction to review other state court orders or judgments and/or to enter a ruling on motions filed in a state district court. This Court therefore will not rule on a motion for reconsideration in the state district court, pending or otherwise.[3]

The untimeliness of the state petition is established by a final order of the Nevada state appellate courts. The issue in *this* case instead is whether petitioner can overcome the untimeliness of the *federal* petition due to his failure to file the federal petition prior to the putative expiration of the federal limitation period on August 28, 2015.

In this regard, equitable tolling is appropriate only if the petitioner can show that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104,

---

[3]Petitioner references a February 11, 2016, order in No. 69321 by the Supreme Court of Nevada denying a motion to remand to the state district court for entry of findings and conclusions on his motion for reconsideration. The state supreme court stated that if the district court was inclined to grant reconsideration it must certify that intention to the supreme court so that the matter could be remanded. (See ECF No. 12, at 12.) The state district court's online docket reflects that on February 16, 2016 – subsequent to the state supreme court's order – the state district court denied a motion for a limited remand. The state appellate courts concluded the pending appeal approximately a year later and held that petitioner had failed to demonstrate good cause to overcome the untimely filing of the state petition. There does not appear to be anything remaining to decide in the state courts. The state district court never certified to the state appellate courts that it intended to grant reconsideration, and the state appellate courts have held in a final appellate order that the state district court properly denied the petition as untimely. However, even if there were a still-pending reconsideration motion in the state district court pertaining to an issue that now would appear to be law of the case by virtue of the final appellate order, this Court does not have jurisdiction either to compel the state court to consider the motion or to itself take up such a motion.

1107 (9th Cir.1999), and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir.2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.2000)). The petitioner ultimately has the burden of proof on this "extraordinary exclusion." 292 F.3d at 1065. He accordingly must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. *E.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). *Accord Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007).

Gaines has not demonstrated that an extraordinary circumstance stood in the way of and prevented the timely filing of a federal petition on or before August 28, 2015. Petitioner acknowledges that he knew that there was an issue with the timeliness of the state petition within two weeks of June 21, 2015. He further submitted papers in the state district court seeking to overcome the untimeliness of the state petition dated July 27, 2015, a month before the expiration of the federal limitation period. Gaines had potentially exhausted claims from his direct appeal, and nothing prevented him from filing a protective petition in federal court at any time before August 28, 2015. Under the 2005 decision in *Pace*, a state prisoner can avoid the prospect of a federal petition being untimely due to a determination that a pending state petition is untimely "by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." 544 U.S. at 416. Nothing stood in the way of Gaines doing so here. He never was affirmatively misled by the state courts that his petition was timely; and in particular he was not misled in that respect before the expiration of the federal limitation period on August 28, 2015.

Petitioner accordingly has not established a viable basis for equitable tolling, and he presents no other apposite argument seeking to overcome the untimeliness of the federal petition.

The petition therefore will be dismissed with prejudice as untimely.

///

**C. Pending Motions**

Petitioner's form motions for appointment of counsel and for an evidentiary hearing will be denied. Petitioner has not presented a potentially viable basis for equitable or other tolling that requires further factual development prior to a ruling on the federal timeliness issue, for the reasons discussed in the preceding section of this order. The Court notes that the show-cause order: (a) outlined the pertinent procedural history and the governing law as to, *inter alia*, the calculation of the limitation period, tolling, and the actual innocence exception; and (b) informed petitioner that he must present factual specifics supported by competent evidence in response to the show-cause order. (ECF No. 10.) The factual specifics and evidence presented by petitioner in response do not present a potentially viable basis for overcoming the untimeliness of the federal petition.

**III. CONCLUSION**

It is therefore ordered that the petition is denied as untimely and that this action will be dismissed with prejudice.

It is further ordered that petitioner's motion for appointment of counsel (ECF No. 6) and motion for an evidentiary hearing (ECF No. 7) are denied.

It is further ordered that a certificate of appealability is denied, as reasonable jurists would not find the Court's dismissal of the federal petition as untimely to be debatable or wrong, for the reasons discussed herein.

It is further ordered that the Clerk of Court electronically serve the state attorney general with the dismissal order and judgment. No further response is required from respondents.

The Clerk is directed to enter final judgment accordingly, in favor of respondents and against petitioner, dismissing this action with prejudice.

DATED THIS 19th day of March 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE